**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 92-4232

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

WAYNE A. PIERCE,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
( October 14, 1993 )

Before WISDOM, JOLLY and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

A member of the court having requested that the mandate for the original panel opinion, dated December 29, 1992, be withheld, the court now on its own motion withdraws such opinion and substitutes this opinion in lieu thereof.

In this case we decide whether the district court's failure to inform the defendant when he entered his guilty plea that the maximum sentence he could receive would include an additional mandatory sentence under 18 U.S.C. § 3147 violated Rule 11 of the Federal Rules of Criminal Procedure. We hold that under our recent *en banc* decision in <u>United States v. Johnson</u>, No. 92-8057 (5th Cir. Aug. 26, 1993), the court's less than perfect compliance with the

rule is excused under the harmless error standard of Rule 11(h). We therefore affirm Pierce's conviction and sentence.

## I.   BACKGROUND

Appellant, Wayne A. Pierce, is a former Grand Dragon of the Ku Klux Klan in Louisiana.  On November 19, 1990, the government charged Pierce in a one-count indictment with felony possession of a firearm in violation of 18 U.S.C. § 922(g).  The same day, Pierce was arraigned and released on bond.  Before being released, Pierce signed a written notice advising him that he would be subject to an enhanced penalty if he committed another offense while on release. A jury found Pierce guilty on February 4, 1991, but he remained on bond status until May 7 when the court ordered him to begin serving his sentence.

While on release, Pierce and other members of the Klan planned to burn several crosses on the day Pierce began serving his firearm possession sentence.  The evening after Pierce entered prison, his co-defendants burned crosses at nine different locations in Louisiana.  As a result of the cross-burning, the government indicted Pierce and his co-defendants on the following charges:

Count 1:  Conspiracy to interfere with federal rights in violation of 18 U.S.C. § 241;

Count 2:  Use of fire in the commission of a felony in violation of 18 U.S.C. §844(h);

Count 3:  Interference by force or threat of force with fair housing rights in violation of 42 U.S.C. § 3631(a);

Counts 4 and 5:   Interference by force or threat of force with public schooling in violation of 18 U.S.C. § 245(b)(2)(A); and

Count 6:   Conspiracy to make a false declaration in violation of 18 U.S.C. § 1623.

On December 4, 1991, Pierce entered into a plea agreement in which he agreed to plead guilty to Counts One, Three, Four, Five and Six.  The district court held a Rule 11 hearing and informed the defendant that the maximum total period of incarceration the court could impose was 18 years.  Sentencing was set for February 21, 1992.

On January 31, 1992, the government filed an Application for Sentence Enhancement for committing offenses while on release status under U.S.S.G § 2J1.7 and 18 U.S.C. § 3147.  The effect of these enhancement provisions was to increase the maximum total period of incarceration the court could impose from 18 years to 28 years. See 18 U.S.C. § 3147(1).  Pierce was not made aware of this enhancement either in the plea agreement or at the plea hearing.

On February 21, 1992, the district court sentenced Pierce to 60 months of incarceration on counts one and six of the indictment and 12 months on counts three four and five, all to run concurrently.  Pursuant to 18 U.S.C. § 3147(1), the court sentenced the defendant to an additional 12 months for committing an offense while on release status, giving the defendant a total effective sentence of 72 months.

Pierce appeals, claiming that his guilty plea was involuntary because the district court understated the maximum sentence he could receive in violation of Rule 11 of the Federal Rules of

Criminal Procedure.  He argues that, as a result, he should be allowed to plead anew.

## II.  DISCUSSION

The relevant portions of Rule 11 reads as follows:

(c)  Advice to Defendant.  Before accepting the a plea of guilty or nolo contendere, the court must address the defendant in open court and inform the defendant of, and determine that the defendant understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term, the fact that the court is required to consider any applicable sentencing guidelines under some circumstances, and when applicable, that the court may also order the defendant to make restitution to any victim of the offense; . . .

. . .

(h)  Harmless Error.  Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded.

Prior to our *en banc* decision in <u>Johnson</u>, this court employed a two step analysis in determining whether a district court's failure to admonish a defendant in accordance with Rule 11 warranted an automatic reversal.  We first determined whether the failure affected a "core concern" under Rule 11, and if so, we classified the district court's failure as either total or partial.  Thus, if the district court totally failed to address a core concern under Rule 11, the error warranted automatic reversal.

Our *en banc* decision in <u>Johnson</u> has "chucked" that two step inquiry and now applies a harmless error analysis across the board.  <u>Johnson</u>, slip op. at 6422.  The inquiry now is: (1) did the sentencing court vary from the procedures required by Rule 11, and

4

(2) if so, did such variance affect substantial rights of the defendant? Id. at 6418. To determine whether the error affected substantial rights, we focus on whether the defendant's knowledge and comprehension of the full and correct information would have been likely to affect the defendant's willingness to plead guilty. Id. at 6423.

Applying this inquiry to the facts here, we conclude that the court varied from the procedures required by Rule 11 when it failed to advise Pierce of the maximum penalty to which he was subject after application of the enhancement provisions. After the government requested enhancement, the court should have held another hearing and informed Pierce of the requested enhancement and its effect. Failing to do so was error.[1]

Having found the error, the next question is whether it was harmless. To make this determination, we "'examine the facts and circumstances of the . . . case to see if the district court's flawed compliance with . . . Rule 11 . . . may reasonably be viewed as having been a material factor affecting [Pierce]'s decision to plead guilty.'" Id. (quoting Fed. R. Crim. P. 11 (advisory committee notes to 1983 amendment)). We conclude that the court's failure to inform Pierce of the enhancement cannot be so viewed.

---

[1]We note that the district court would not have found itself in this position were it not for the conduct of the prosecution in waiting to request an enhancement until after the court had held Pierce's Rule 11 hearing.

These facts present a prototypical case of harmless error.[2] Here, the sentencing court informed Pierce during the Rule 11 colloquy that his maximum possible prison time was 18 years. Based on this understanding of a "worst case scenario," Pierce made the decision to plead guilty. And rather than having this scenario realized, Pierce was actually sentenced to six years, a sentence well below the 18 year period of which the court had made him aware. Clearly Pierce has not been harmed.

Moreover, the fact that his true "worst case scenario" was actually worse than he was informed would not have reasonably caused Pierce to doubt the wisdom of his plea. To the contrary, logic and reason would weigh this factor in favor of his decision to plead guilty: if Pierce was willing to plead guilty when facing what he believed was an 18 year maximum, would he not have been just as willing if had he known that the maximum was 28 years?

### III. CONCLUSION

Thus, we hold that "the nature and extent of the deviation from Rule 11 was such that it could not have had any impact on the

---

[2]It is noteworthy that the advisory committee notes to the 1983 amendment to Rule 11 adopting section (h) cite United States v. Peters, No. 77-1700 (4th Cir., Dec. 22, 1978), as being "illustrative" of cases to which harmless error applies. In Peters, the defendant was advised that he might receive a sentence of fifteen years plus a special parole term of at least three years; the defendant was not advised of the maximum number of years of the mandatory special parole term. At sentencing, the defendant received a sentence of fifteen years plus a special parole term of three years. The defendant appealed, arguing that the court had violated Rule 11 by failing to advise him of the maximum number of years that might be imposed as a special parole term. The Fourth Circuit affirmed the sentence, concluding that any error was harmless because his actual sentence did not exceed that indicated in the district court's warnings.

defendant's decision to plead or the fairness in now holding him to his plea." Fed. R. Crim. P. 11 (advisory committee notes to 1983 amendment). Having so held, Pierce's conviction and sentence are AFFIRMED.


E. GRADY JOLLY, Circuit Judge dissenting:


I respectfully dissent because the majority's overgeneralized analysis fails completely to focus on what Supreme Court precedent clearly dictates is the central issue involved in this case: the voluntary nature of Pierce's guilty plea. See Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). The majority opinion holds the district court's Rule 11 error to be "harmless" because: (1) Pierce ultimately received less than the 18-year maximum sentence that the district court informed him of at the Rule 11 hearing; and (2) the 20-year increase in Pierce's potential maximum sentence caused by the post-hoc 18 U.S.C. § 3147 enhancement would not constitute a material factor affecting his decision to plead guilty. With all due respect, the majority's analysis could not be more flawed when it effectively says that a defendant can enter, as a matter of law, a voluntary, knowing, and intelligent plea of guilty when the actual peril faced by the defendant was more than twice as great as he was told by the district court at the time he entered his plea. The effect of the

majority's holding is that when a defendant is sentenced to a term less than the maximum sentence of which he is advised, the failure to inform the defendant of the actual maximum sentence he faces is <u>always</u> harmless error.  I do not believe that is the law, nor do I believe that is what <u>Johnson</u> holds.[3]  Accordingly, I would remand so that Pierce could receive another Rule 11 hearing in which the

---

[3]<u>United States v. Johnson</u>, 1 F.3d 296, 302 (5th Cir. 1993), provides that our harmless error analysis must focus on:

> [W]hether [the defendant's] knowledge and comprehension of the full and correct information would have been likely to affect the defendant's willingness to plead guilty.

This language correctly requires focus on the voluntary nature of the defendant's decision at the time he enters his plea, i.e., on the information the defendant possessed when he pled guilty. Curiously, <u>Johnson</u>, at 298, further provides, that in determining the voluntariness of a plea we may consider the "sentence actually imposed" on the defendant although the sentence is always imposed sometime <u>after</u> the entry of the plea.  Only in the rare instance in which the defendant knows of the actual sentence to be imposed prior to making his plea will the actual sentence inform the court about the defendant's knowledge <u>when he entered the plea</u>.  <u>Johnson</u> then states that we should consider the ultimate sentence to determine the validity of the plea when it is:

> <u>[T]emporally relevant</u> to the voluntary and uncoerced nature of the defendant's guilty plea, and to his knowledge and understanding of the nature of the charges against him and the consequences of his plea.

<u>Id.</u> (emphasis added).

With all due respect, I find this observation, especially the words "temporally relevant" somewhat confusing, unless the words refer only to the time period before the defendant enters his plea.  The actual sentence imposed, perhaps, could be relevant, but not temporally so, to the reasonableness of a projected guidelines range that the district court informed the defendant of at the Rule 11 hearing.  Here, however, the district court did not inform Pierce of any projected guidelines range and thus, the actual sentence imposed cannot be relevant in any sense to the voluntariness of Pierce's plea entered some months prior to the district court's imposition of the actual sentence.

district court would inform him of the actual statutory maximum sentence of 38 years.  This would enable pierce to enter a _voluntary_ plea within the plain meaning of Rule 11 and the unambiguous mandate of Supreme Court precedent.