**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-40012, 95-40014 (consolidated)
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MARIO ALBERTO ORTIZ,

Defendant-Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
(L-24-CR-129-01)

November 15, 1995

Before JOLLY, JONES,  and STEWART, Circuit Judges.

PER CURIAM:*

Mario Alberto Ortiz was sentenced to 87 months in prison pursuant to his guilty pleas on two separate charges of possession with intent to distribute marijuana; the second offense having occurred while he was on release pending trial on the first charge.  Ortiz appeals, claiming that his guilty plea was involuntary because the district court failed to inform him of the correct maximum sentence and because the sentence he received deviated from that recommended in the plea agreement.  He further claims that the district court improperly applied the sentencing enhancement provision of 18 U.S.C. § 3147 because it enhanced the sentences for both offenses rather than enhancing only the sentence for the offense he committed while he was on release.  Finding harmless error with regard to the first

Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

claim, and no plain error with regard to the second, we affirm.

FACTS

Ortiz was charged with possession with intent to distribute approximately 169 pounds, or more than 50 kilograms of marijuana. While free on bond pending trial on the first offense, Ortiz was charged with knowingly possessing with intent to distribute another 94 pounds (less than fifty kilograms) of marijuana. He entered guilty pleas to both offenses pursuant to plea agreements informing him of a maximum term of twenty years for the greater offense, and a concurrent maximum of five years for the lesser offense. Additionally, the plea agreement provided that the Government would recommend that Ortiz be sentenced at Level 19 of the Sentencing Guidelines for the first offense and Level 17 for the second. With Ortiz's criminal history category of II, the recommendations corresponded to guideline ranges of 33-41 and 27-33 months respectively.

At re-arraignment, the district court informed Ortiz of the maximum twenty-year and five-year sentences. The court explained that Ortiz's sentence would be determined in accordance with the Guidelines and that it would try to adhere to the plea agreements. However, the court warned Ortiz that the agreements were just recommendations and Ortiz would have to accept the sentence imposed by the court. The court also warned Ortiz that it would have to consult the sentencing rules to determine whether the "amounts" would be added together.

At sentencing, the court informed Ortiz that the offenses would be combined. The court reduced Ortiz's base offense level from 31 to 28 and sentenced him to 87 months in prison. Ortiz filed timely notices of appeal.

DISCUSSION

Ortiz contends that his guilty plea was involuntary because he was misled by both his defense counsel and the prosecutor regarding the sentences that he would receive. He also argues that, because the court did not give him notice of the correct maximum and minimum sentences, his guilty pleas were not knowing and voluntary. Thus, he contends that his pleas were based on misinformation, are void, and should be set aside because they do not comport with Fed. R. Crim.

P. 11 (c).

The scheme created in Fed. R. Crim. P. 11 is "designed to insure both that guilty pleas are constitutionally made and that a full record will be available in the event that a challenge is made to the plea." *United States v. Bernal*, 861 F.2d 434, 436 (5th Cir. 1988), *cert. denied*, 493 U.S. 872 (1989)(internal quotations and citations omitted). In analyzing the validity of a guilty plea, this court conducts a two-step inquiry, focusing on: (1) whether the district court varied from the procedures required by Rule 11; and (2) if so, whether such variance affects the "substantial rights" of the defendant. *United States v. Johnson*, 1 F.3d 296, 298 (5th Cir. 1993)(*en banc*). To determine whether an error affects substantial rights, this court focuses "on whether the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty." *Johnson*, 1 F.3d at 302.

The district court erroneously informed Ortiz during his Rule 11 hearing that the maximum sentences he faced were twenty years and five years; the court made no mention of a possible sentence enhancement pursuant to 18 U.S.C. § 3147. However, the court did notify Ortiz that it would have to check the rules regarding sentences for "two cases at the same time, that are a few months apart" and mentioned that the sentences might have to be added together. Section 3147 provides that a person convicted of an offense committed while on release for another offense shall be sentenced, in addition to the sentence prescribed for the offense, to a term of imprisonment of not more than ten years if the offense is a felony. It also requires that a term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment. A sentencing court's failure to inform the defendant during the plea colloquy that his sentence is subject to a § 3147 enhancement and that the actual maximum sentence he faces is greater than the maximum of which he was informed is harmless error. *United States v. Pierce*, 5 F.3d 791, 793-94 (5th Cir. 1993). In *Pierce*, the sentencing court informed the defendant during the Rule 11 colloquy that he faced a maximum prison sentence of 18 years when, due to a § 3147 enhancement, he was subject to a maximum prison term of 38 years. This court held that the Rule 11 error could not have affected

3

the defendant's decision to plead guilty, and thus did not affect the fairness of holding him to his plea. *Pierce*, 5 F.3d at 794.

With the enhancement, Ortiz was subject to a thirty-five-year maximum sentence, rather than the potential maximum sentence of twenty-five years discussed by the court at the plea colloquy. However, Ortiz was made aware that the sentences for the two crimes might have to be combined and in actuality he only received an 87-month sentence for both offenses. Thus, as in *Pierce*, it is unlikely that the knowledge of a potential thirty-five year maximum would have affected Ortiz's decision to plead guilty. The variance from Rule 11 in this case did not affect Ortiz's decision to plead guilty and was therefore harmless error.

Ortiz also maintains that his plea was involuntary because he was misled by both the prosecutor and his defense counsel regarding the sentences he might receive. The plea agreements stated that the Government would recommend that Ortiz receive sentences at levels 19 and 17 of the Guidelines; these levels coincide with the sentencing ranges of 33-42 months and 24-30 months.

A defendant's reliance on the erroneous advice of counsel regarding the sentence likely to be imposed does not render a guilty plea unknowing or involuntary as long as the defendant understood the length of time he might possibly receive. *See United States v. Santa Lucia*, 991 F.2d 179, 180 (5th Cir. 1993). The plea agreements provided that the sentencing terms were only recommendations and that these terms were not binding upon the court. Additionally, at the plea colloquy, the court informed Ortiz that it was not bound by the plea agreements, although it would try to follow them. The court informed him that it could impose a sentence in accordance with the Guidelines, and that it could depart from the Guidelines. In fact, the court warned Ortiz that he would be "stuck with whatever sentence [it gave him] whether [he] like[d] it or not and whether it [went] along with [his] deal or not." Thus, the fact that Ortiz received sentences different from those mentioned in the plea agreements does not render his pleas involuntary.

Ortiz asserts that the district court improperly applied the sentencing enhancement provision of § 3147 because it enhanced the sentences for both offenses rather than enhancing only the sentence

4

for the offense he committed while he was on release. Ortiz did not object to either the PSR or his sentence at sentencing. Therefore, any error involving Ortiz's sentence is subject to review for plain error, in accordance with Fed. R. Crim. P. 52(b). *See United States v. Brunson*, 915 F.2d 942, 944 (5th Cir. 1990).

This court may correct forfeited errors only when the appellant shows the following factors: (1) there is an error. (2) the error is clear or obvious, and (3) that error affects the appellant's substantial rights. *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994)(*en banc*) (citing *United States v. Olano*, 113 S. Ct. 1770, 1776-79 (1993)), *cert. denied*, 115 S. Ct. 1266 (1995). If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Olano*, 113 S. Ct. At 1778.

Ortiz contends that a § 3147 enhancement applies only to the sentence for the federal crime committed while on release, and it was error for the sentencing court to apply the enhancement to his sentence for the first offense. *See United States v. Pace*, 955 F.2d 270, 278 (5th Cir. 1992). At sentencing, the district court reduced Ortiz's offense level as much as possible, granting Ortiz a three-level reduction for acceptance of responsibility. The reduction lowered Ortiz's level to 28, and his guideline range to 87-108 months. The court then imposed the lowest sentence within the Category II range and split that range in accordance with § 2J1.7, comment (n.2) to provide consecutive sentences for both offenses pursuant to the consecutive sentencing requirement of § 3147. The sentence imposed is in the middle of the range for Category I, level 28 -- the level that Ortiz contends is correct. Thus, even according to Ortiz's own calculations, the sentence imposed by the court was in accordance with the guidelines. There is no clear or obvious error in the sentence, nor are Ortiz's substantial rights affected.

Ortiz also contends that he did not receive notice of the sentencing enhancement and without notice, he was unable to make a competent decision regarding his guilty plea. Even if there were a failure to provide notice of the enhancement, it would be harmless error as to the voluntariness of

5

Ortiz's guilty plea. *See Pierce*, 5 F.3d at 794. However, the record refutes Ortiz's claim and we dismiss it as meritless.

Finally, Ortiz contends in a one-sentence statement without citation to authority that "[i]t is highly doubtful that a trial court can legally, absent any request from the Government, invoke enhancement provisions on its own." Sentence enhancement is mandatory if the defendant was informed upon release that his sentence was subject to enhancement for an offense committed while on release. 18 U.S.C. § 3147. As noted above, Ortiz was notified of the potential for enhancement in his release papers and in the PSR. Moreover, the enhancement is required by the Guidelines. U.S.S.G. §2J1.7, comment (n.2). By logical inference, the district court's application of a mandatory sentence enhancement pursuant to § 3147, after proper notice and in accordance with the guidelines is not improper. AFFIRMED.