**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**
**No. 96-20753**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JOHNNY LEE WILLIAMS,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court
for the Southern District of Texas**

_____

August 19, 1997

Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

For this challenge to both a conviction based on a guilty plea and the ensuing sentence enhanced under 18 U.S.C. § 924(e) (for defendants convicted of certain offenses involving firearms who have three prior qualifying felony convictions), the principal issue is whether one of the enhancement felony convictions (enticing and inviting child into house to commit sodomy) is a requisite "violent felony". We **AFFIRM**.

I.

Johnny Lee Williams was arrested for violation of the conditions of his state parole, namely contacting children at an elementary school, after having been convicted of sex offenses with

children.  At his arrest, officers searched his residence and found two firearms.

Williams pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and to being in possession of a rifle of length less than 26 inches which was not registered to him, in violation of 26 U.S.C. § 5861(d).  During the plea colloquy, the district court advised Williams that he faced a maximum sentence of ten years for each of the two charges.  The court also advised him that, under § 924(e), if he were found to have three prior violent felony convictions, he could receive a mandatory minimum of 15 years.  But, the court failed to advise him that the applicable maximum would be life imprisonment.

At sentencing, Williams contended that one of the prior felony convictions relied on by the Government to trigger § 924(e) was not a "violent felony".  That offense was a state conviction under former 1925 TEX. CRIM. STAT. 535(b) for enticing and inviting, with lascivious intent, a child under the age of 14 to enter a house for the purpose of committing an act of sodomy.  After supplemental briefing, the court ruled that the felony was violent because, pursuant to § 924(e)(2)(B)(ii), it involved "conduct that presents a *serious potential risk* of physical injury to another".  (Emphasis added.)

Williams was sentenced, *inter alia*, to 210 months imprisonment on one count and 120 months on the other, with the sentences to run concurrently, including with the state time he was serving.

II.

A.

Williams' contention that the district court committed *reversible* error under FED. R. CRIM. P. 11 in not informing him of the possibility of a life sentence is unavailing. The court told him that he faced a 15-year mandatory minimum sentence, and he received a sentence less than the potential 20-year maximum related to him by the court (ten years for each of the two charges).[*]

The error was harmless. Rule 11 harmless error analysis requires us to examine

> whether the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty. Stated another way, we "examine the facts and circumstances of the ... case to see if the district court's flawed compliance with ... Rule 11 ... may reasonably be viewed as having been a material factor affecting [defendant]'s decision to plead guilty".

*United States v. Bond*, 87 F.3d 695, 702 (5th Cir. 1996)(*quoting, United States v. Johnson*, 1 F.3d 296, 302 (5th Cir. 1993)(en banc)(*quoting, United States v. Bachynsky*, 934 F.2d 1349, 1360 (5th Cir.)(en banc) *cert. denied*, 502 U.S. 951 (1991)). For starters,

---

[*] At oral argument, Williams contended, for the first time on appeal, that the district court's statements as to a ten-year maximum for each of the two charges potentially caused Williams to understand that the maximum imprisonment he faced was only ten, *not* 20, years. No authority need be cited for our rule that, generally, we do not consider issues presented at oral argument for the first time. In any event, the record does not support this contention. Moreover, in the light of the fact that Williams was told he faced a possible minimum 15-year term if his sentence was enhanced under § 924(e), he could hardly have thought he only faced a ten-year maximum.

Williams does not claim that he would have pled differently had he been informed of the applicable maximum. *See **Bond***, 87 F.3d at 702.

Furthermore, the instance of a defendant being sentenced to less than what he was informed was his maximum penalty is "a prototypical case of harmless error". ***United States v. Pierce***, 5 F.3d 791, 793 (5th Cir. 1993). Pierce was informed that his maximum prison term was 18 years, when in fact it was 38 years. He was sentenced to six years, and therefore could not show that he was harmed by not being informed of the possible 38-year maximum.

There are no meaningful distinctions between ***Pierce*** and this case. Williams was told that the maximum he could receive was two ten-year sentences. He was sentenced to 210 months, or 17.5 years, less than the 20 year maximum of which he was informed.

## B.

Williams next raises, for the first time on appeal, a constitutional challenge to § 922(g)(1) (felon in possession of firearm). We review such belated challenges only for plain error. *E.g.,* ***United States v. Spires***, 79 F.3d 464, 465-66 (5th Cir. 1996).

Williams acknowledged at oral argument that this point is presented solely to preserve it for possible Supreme Court review. In any event, there was no error; the challenged statute has been upheld by the Supreme Court, and this court. *See **United States v. Dickey***, 102 F.3d 157, 163 (5th Cir. 1996)("we are bound by the Supreme Court's decision in ***Scarborough v. United States***, 431 U.S. 563, 575 (1977), that the felon in possession of a firearm statute is constitutional under the Commerce Clause").

- 4 -

C.

Finally, Williams contends that his above-referenced state felony conviction for enticing a child for the purpose of sodomy was not a "violent felony" in that, contrary to § 924(e)(2)(B)(ii), it did not involve "conduct that present[ed] a serious potential risk of physical injury to another". We review such a contention *de novo*. *E.g., United States v. Martinez-Cortez*, 988 F.2d 1408, 1410 (5th Cir.), *cert. denied*, 510 U.S. 1013 (1993). And, in doing so, we generally do not look to the specific facts underlying the conviction. Section "924(e)(2)(b)(ii) ..., like the rest of the enhancement statute, ... generally requires the ... court to look only to the fact of conviction and the statutory definition of the prior offense." *Taylor v. United States*, 495 U.S. 575, 602 (1990).

No actual force is required for the state statute to be violated. Nevertheless, the conduct presents the type of threat envisioned by § 924(e). That section includes as violent felonies not just those which involve the actual use of force, but, as quoted above, also those which involve "conduct that presents a *serious potential risk* of physical injury to another". 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). This risk to another is inherent in Williams' prior felony conviction, regardless of the fact that he never actually had to have contact with the child, or even be alone with the child, to violate the state criminal statute.

The former 1925 TEX. CRIM. STAT. 535(b) made it a crime, *inter alia*, "for any person with lascivious intent to entice, allure,

persuade, or invite, or attempt to entice, allure, persuade or invite, any child under fourteen (14) years of age to enter any vehicle, room, house, office or other place for the purpose of proposing" sodomy or other specified sexual acts, "or for the purpose of committing an aggravated assault on such child".  It thus contemplated a situation in which, for example, an adult attempts to lure the child into his home.

As noted, Williams' conviction was under the for-purpose-of-sodomy element.  As the district court stated, "[g]iven the tender age of the victims described in the statute, given the nature and probability that such a victim, if sodomy were attempted against him, would attempt to avoid being sodomized, and given the fact that many forms of sodomy by their nature are assaultive because they constitute batteries, that is, physical contact without the consent of another person, that is, offensive physical conduct", the offense proscribed by the Texas statute is "violent".

Furthermore, our court has noted that the sodomy need not be in progress to put the child in danger:  "when an older person *attempts to* sexually touch a child under the age of fourteen, there is always a substantial risk that physical force will be used to ensure the child's compliance". **United States v. Velazquez-Overa**, 100 F.3d 418, 422 (5th Cir. 1996) (*quoting* **United States v. Reyes-Castro**, 13 F.3d 377, 379 (10th Cir. 1993)(emphasis added, internal quotation marks omitted)).  **Velazquez-Overa** addressed *attempted* sodomy; its language, however, is equally applicable where, as

here, the attempt is made through invitation or enticement, as further discussed below.

In short, the Texas statute under which Williams was convicted concerns potential, if not immediate, risk of physical injury to children as a direct result of attempts to entice them to, *inter alia*, sexual acts. In that respect, the dangers recognized in **Velazquez-Overa** are present.

The cases cited by Williams are inapposite. He points in particular to **United States v. Martinez**, 954 F.2d 1050 (5th Cir. 1992), and **United States v. Dolt**, 27 F.3d 235 (6th Cir. 1994).

In **Martinez**, our court held that a prior conviction for *attempted* burglary did not constitute a violent felony. We stated that attempted burglary differed from burglary (one of the violent felonies listed in § 924(e)(2)(B)(ii)) in that, for the former, it was possible that the felon never came close to perpetrating the substantive crime. Because he never had to enter a building or habitation, he would not come into contact with occupants, and the potential for physical injury was therefore lessened. **Martinez**, 954 F.2d at 1053-54.

Unlike an attempted burglary, which may be committed miles from the targeted premises and the persons in it, the former 1925 TEX. CRIM. STAT. 535(b) requires interaction with the victim ("entice, allure, persuade, or invite"). In the light of the intended victim's youth, there is a significant likelihood that the perpetrator would succeed in enticing the victim into a situation that would produce violence. In other words, Williams' state crime

is an actual, not an attempted, act — enticing, alluring, persuading or inviting. Inviting and enticing a minor to a house, or other place, to commit sodomy, or the other listed acts, falls within the definition of a "violent felony".

*United States v. Dolt* held that the state offense of *solicitation* of a controlled substance offense does not constitute an actual controlled substance offense for purposes of Sentencing Guideline § 4B1.1. *Dolt* deals with the definition of a controlled substance offense. Such a category is obviously different from that at issue. Furthermore, controlled substance offenses are of a particular type, involving very similar types of transactions. "Violent felonies", on the other hand, is a deliberately broad classification of offenses, intended to encompass many different types of actions which, *inter alia*, " present[] a serious potential risk of physical injury to another". 18 U.S.C. § 924(e)(2)(B)(ii).

Under the Texas statute, the solicitation is a substantive offense. In sum, as proscribed by former 1925 TEX. CRIM. STAT. 535(b), "for any person with lascivious intent to entice, allure, persuade, or invite" a child under age 14 for the purpose of committing sodomy, or the other listed acts, is a scenario that, as described in 18 U.S.C. § 924(e)(2)(B)(11), "involves conduct that presents a serious potential risk of physical injury to another".

III.

For the foregoing reasons, the judgment is

**AFFIRMED.**