**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 98-50413**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**BUZZ D. ADKINS,**

**Defendant-Appellant.**

---

Appeal from the United States District Court
for the Western District of Texas
(A-97-CR-194-ALL)

---

June 18, 1999

Before DeMOSS, PARKER, Circuit Judges, and LAKE,[*] District Judge.

PER CURIAM:[**]

Buzz D. Adkins pleaded guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).[1] At sentencing the government sought an enhancement

---

[*] District Judge for the Southern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Adkins pleaded guilty without the benefit of a plea agreement.

of Adkins' sentence through the application of 18 U.S.C. § 924(e), which imposes a 15-year mandatory minimum sentence for a defendant who violates § 922(g) after having been previously convicted of three violent felonies.[2] The government sought the enhancement because Adkins had been convicted of four violent felonies: robbery, assault, and two charges of burglary. At sentencing Adkins objected to the government's use of the two prior burglary convictions. The district court overruled his objection and sentenced Adkins to 180 months imprisonment. Adkins appeal. We review *de novo* a defendant's assertion that a prior conviction does

---

[2]    Section 924(e) provides:

(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years . . . .

(2) As used in this subsection--
(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
(I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
. . .

18 U.S.C. § 924(e)(1).

2

not qualify as a violent felony. *See* **United States v. Williams**, 120 F.3d 575, 578 (5th Cir. 1997).

Burglary is specifically listed in § 924(e) as a crime that constitutes a "violent felony." While the statute does not go on to define the elements of "burglary," that question was answered by the Supreme Court in **Taylor v. United States**, 495 U.S. 575 (1990). There, the Court established a "generic" definition of burglary. The Court explained that "a person has been convicted of burglary for the purposes of a § 924(e) enhancement if he is convicted of any crime . . . having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." **Id.** at 599.

In this appeal Adkins does not contest the fact that he has twice been convicted of burglary in violation of § 30.02 of the Texas Penal Code. He argues instead that his convictions fall outside **Taylor's** definition of burglary because there is no evidence that he entered the buildings, a required element in **Taylor's** definition.[3] Adkins' argument focuses, therefore, on whether the facts underlying his burglary convictions satisfy **Taylor's** generic definition of burglary. That focus is misplaced.

In **Taylor** the Supreme Court observed that "§ 924(e) mandates a formal categorical approach, looking only to the statutory

---

[3] As to the first burglary conviction, he points to police reports which indicate that another person was found inside the burglarized business, while Adkins was found outside the building by a car that had been backed up to the business. As to the second conviction, he notes that the police report merely indicates that Adkins had pawned an item taken from a burglarized building.

3

definitions of the prior offenses, and not to the particular facts underlying those convictions." *Id.* at 600. Thus, "if the defendant was convicted of burglary in a State where the generic definition has been adopted . . . then the trial court need find only that the state statute corresponds in substance to the generic meaning of burglary." *Id.* at 599. The Court reasoned that "the practical difficulties and potential unfairness of a factual approach are daunting," *id.* at 601, and that "the language of § 924(e) generally supports the inference that Congress intended the sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions," *id.* at 600. Thus, Adkins' fact-based challenge to the application of § 924(e) is improper. *See Williams*, 120 F.3d at 578 (observing that the court does not look to the facts underlying the prior conviction). The relevant issue is whether the Texas burglary statute corresponds to *Taylor's* generic definition.

The Texas burglary statute punishes a person who "without the effective consent of the owner . . . enters a habitation, or building . . . with intent to commit a felony or theft." Texas Penal Code Ann. § 30.02. In *United States v. Silva*, 957 F.2d 157, 162 (5th Cir. 1992), we held that § 30.02 is generic burglary statute that corresponds to *Taylor's* definition. Thus, Adkins' two burglary convictions qualify as violent felonies under 18 U.S.C. § 924(e).

Adkins, however, argues that § 30.02 is broader than the

4

generic definition in **Taylor** because under the Texas aiding and abetting statute, Texas Penal Code Ann. §§ 7.01 & 7.02, a defendant may be convicted of burglary without proof that the defendant entered the building. This contention is unavailing. The implicit assumption in Adkins' argument is that his burglary convictions were based on §§ 7.01 and 7.02, and not the burglary statute itself. But Adkins has pointed to no evidence that he was actually convicted under §§ 7.01 and 7.02. Moreover, Adkins does not contest the fact that his two burglary convictions were under § 30.02. Further, neither *Taylor* nor § 924(e) makes exception for a burglary conviction based on aiding and abetting or other co-conspirator liability. *See generally, Pinkerton v. United States*, 328 U.S. 640 (1945)(any act in furtherance of a conspiracy may be attributed to all coconspirators regardless of whether those conspirators participated in the act.)

The district court is AFFIRMED.