**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 98-11266
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFRED BROOKS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
(4:98-CR-84-2-A)

July 29, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Alfred Brooks appeals his guilty plea conviction and sentence for firearms and controlled substance violations. We affirm.

I. BACKGROUND AND PROCEEDINGS

Alfred Brooks and his co-defendant, Ernest Lee Howard, employed fifteen-year-old DaJuan Pratt to sell marijuana and to guard their drug house in Fort Worth, Texas. Brooks and Howard gave Pratt a pistol to use in the event that someone tried to rob him while he sold marijuana. On March 22, 1998, Pratt shot and

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

killed a seven-year-old neighborhood boy under the mistaken belief that the boy was trying to rob the drug house.

Brooks and Howard were charged in a nine count indictment, including: (1) conspiracy to distribute marijuana and to employ a person under 18 years of age to possess marijuana with intent to distribute; (2) possession of a firearm by a convicted felon; (3) possession of ammunition by a convicted felon; (4) delivery of a handgun to a juvenile; (5) employing a person under 18 years of age to distribute marijuana; (6) maintaining a house to distribute marijuana; (7) using and carrying a firearm in relation to a drug trafficking crime; (8) transferring a firearm with the knowledge that it would be used in a drug trafficking crime; and (9) employing a person under the age of 18 to maintain a place to distribute marijuana.

Howard went to trial and was convicted on all counts. Brooks pleaded guilty to Counts 2, 6, and 7 pursuant to a plea agreement in which he stipulated to a lengthy factual resume describing his and Howard's activities. The Government agreed not to prosecute Brooks for any other offenses arising out of the conduct described in the factual resume and to consider the possibility of a motion for a downward departure pursuant to United States Sentencing Guidelines (U.S.S.G.) § 5K1.1. Brooks did not waive his right to appeal.

At sentencing, the district court applied the provisions of U.S.S.G. § 2K2.1 and computed his offense levels for Counts 2 and 6 by using the guidelines for second degree murder. The district

2

court also enhanced Brooks' sentence for obstruction of justice based on his intimidation of a witness.  The court imposed a 120-month sentence for Count 2, a concurrent 235-month sentence for Count 6, a consecutive 60-month sentence for Count 7, and concurrent three-year terms of supervised release for each count. Finally, the court ordered Brooks and Howard, jointly and severally, to pay restitution of $3,153 to the victim's mother. Brooks filed a timely notice of appeal.

## II.  DISCUSSION

In his first point of error, Appellant challenges his guilty plea to Count 7 of the indictment, arguing that the district court committed reversible error in violation of Fed. R. Crim. P. 11 when it failed to advise him that the firearm count to which he pleaded guilty carried a mandatory minimum penalty.  We conclude that the district court's failure to advise Appellant on the mandatory minimum sentence was harmless error.

Rule 11 of the Federal Rules of Criminal Procedure provides, in relevant part:

> (c) Advice to Defendant: Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
>
> (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term, the fact that the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances, and, when applicable, that the court may also order the defendant to make restitution to any victim of the offense; ...

3

(h) Harmless Error. Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded.

When an appellant claims that a district court has failed to comply with Rule 11, we "conduct a straightforward, two-question 'harmless error' analysis: (1) Did the sentencing court in fact vary from the procedures required by Rule 11, and (2) if so, did such variance affect substantial rights of the defendant?" *United States v. Johnson*, 1 F.3d 296, 298 (5th Cir. 1993) (en banc). To determine whether the error affected substantial rights, we focus on whether "the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty." *Johnson,* 1 F.3d at 302.

Under the first prong of the analysis, we conclude the court varied from the procedures required by Rule 11. The district court informed Brooks that the firearm count carried a "maximum sentence" of 60 months' imprisonment. In fact, a violation of 18 U.S.C. § 924(c) requires a mandatory five-year sentence, consecutive to any other term of imprisonment. *See* 18 U.S.C. § 924(c)(1)(A)(i).

Having found error, the next question is whether the error affected Brooks' willingness to plead guilty. These facts present a prototypical case of harmless error. *See United States v. Williams,* 120 F.3d 575, 578 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 722 (1998) (holding harmless error where actual sentence was less than the actual possible maximum); *United States v. Pierce*, 5 F.3d 791, 793-94 (5th Cir. 1993) (same). Here, the sentencing court informed Brooks during the Rule 11 colloquy that his maximum

4

possible prison time was 35 years (420 months) plus terms of supervised release up to 72 months. Brooks' actual sentence was 295 months' imprisonment followed by 36 months of supervised release, less than the maximum of which he was informed.

We conclude from our review of the record as a whole that the court's failure to advise of the mandatory minimum sentence on the weapons offense was harmless error and did not influence the defendant's decision to enter his guilty plea. The court did not commit reversible error on this point.

In his second point of error, Brooks argues that the district court erred by computing his base offense level for Counts 2 and 6 using the guidelines for second degree murder. *See* U.S.S.G. §§ 2A1.2, 2K2.1(c)(1)(B). Brooks contends that the court should have applied the guidelines for involuntary manslaughter. This Court reviews the application of the Sentencing Guidelines *de novo*, and it reviews the sentencing court's factual findings for clear error. *See United States v. Edwards*, 65 F.3d 430, 432 (5th Cir. 1995).

The record supports the district court's finding that Brooks acted with malice aforethought when he and his co-defendant Howard supplied a teenager with a weapon and instructed him to use it if someone attempted to rob the drug house. Thus, the district court correctly applied the sentencing guidelines for second degree murder to determine Brooks' base offense level. *See United States v. Branch,* 91 F.3d 699, 711, 734 (5th Cir. 1996), *cert. denied*, 520 U.S. 1185 (1997); *United States v. Gonzales,* 996 F.2d 88, 89-92 (5th Cir. 1993).

5

In his third point of error, Brooks challenges the district court's determination that his sentence should be enhanced for obstruction of justice. U.S.S.G. § 3C1.1 provides for a two-level increase in the base offense level "if [] the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of investigation, prosecution, or sentencing of the instant offense of conviction...." This Court reviews a sentencing court's finding of obstruction of justice for clear error. *See United States v. Ismoila*, 100 F.3d 380, 397 (5th Cir. 1996).

Immediately following the shooting, Brooks called Lenora Calton, the lessee of the drug house, and told her not to mention him or Howard to the police. The next day, Brooks and Howard visited Calton, and threatened her not to reveal his and Howard's names to the police. We find no error in the enhancement of Brooks' sentence for obstruction of justice.

Finally, Brooks argues that the district court erred in imposing restitution upon him without explaining at the time of the guilty plea that restitution was a possibility. The legality of a restitution order is reviewed *de novo*, and, if the sentence is legal, the award is reviewed for an abuse of discretion. *See United States v. Reese*, 998 F.2d 1275, 1280 (5th Cir. 1993) (citation omitted).

A failure in a plea colloquy mandates reversal only when it affects substantial rights, i.e., when the defendant's "knowledge and comprehension of the full and correct information would have

been likely to affect [the defendant's] willingness to plead guilty." *Johnson*, 1 F.3d at 302. The issue "'must be resolved solely on the basis of the Rule 11 transcript' and the other portions (e.g., sentencing hearing) of the limited record made in such cases." *Id.* (citation omitted).

Applying this standard to the instant case, we conclude that the district court's failure to mention the restitution during the plea colloquy was harmless error. Brooks knew from the rearraignment hearing and the plea agreement that he could be fined up to $1,000,000. Furthermore, Brooks knew from the PSR that he was required to pay restitution to the victim's family under the Mandatory Victim Restitution Act of 1994. Brooks did not object to the recommended order of restitution. The district court's $3153 order of restitution was harmless error where the defendant was advised of possible fines and the restitution did not exceed the maximum possible fine. *See United States v. Padin-Torres,* 988 F.2d 280, 284 (1st Cir. 1993) (order of restitution without prior notice at plea colloquy deemed harmless where restitution did not exceed maximum fine amount of which defendant was advised)*; United States v. Fox*, 941 F.2d 480, 484 (7th Cir. 1991) (same).

### III. CONCLUSION

Based on the foregoing, Appellant's guilty plea and sentence are AFFIRMED.