IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41428
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID LEWIS MARTIN,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. C-98-CR-245-2
--------------------

September 2, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

David Lewis Martin appeals his conviction, arguing that his plea was not knowing and voluntary because (1) the district court mistakenly overstated the minimum sentence at the Rule 11 hearing, (2) the district court mistakenly stated that it could not grant a U.S.S.G. § 5K1.1, p.s., downward departure from Martin's mandatory consecutive sentence for using a firearm in connection with a drug trafficking offense, and (3) the plea was induced by a "promise" of a 73-month sentence. Martin also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that he was denied effective assistance of counsel because counsel failed to raise these issues at sentencing.

Martin has not alleged that he would have pleaded differently if he had had the full and correct information about the sentence. See United States v. Bond, 87 F.3d 695, 701 (5th Cir. 1996). The full and correct information about the minimum sentence was available to Martin in the plea agreement. Furthermore, logic dictates that if Martin were willing to plead guilty thinking that his minimum sentence would be 10 years he would also be willing to plead guilty if he thought that the minimum sentence were 5 years. Cf. United States v. Williams, 120 F.3d 575, 578 (5th Cir. 1997)(maximum sentences), United States v. Pierce, 5 F.3d 791, 793 (5th Cir. 1993)(maximum sentences).

The plea agreement was explicit that the decision whether to move for a downward departure was in the discretion of the Government and that the decision regarding the extent of any departure was in the discretion of the court. The court specifically admonished Martin that he might never receive any benefit from cooperating with the Government. In light of these statements, any error made by the district court in stating how the downward departure would be calculated was harmless. The plea agreement and Rule 11 colloquy both demonstrate that no "promise" of a 73-month sentence was made to Martin to induce his guilty plea.

Because any errors made by the court in conducting the Rule 11 colloquy were harmless, Martin has not shown that he suffered

any prejudice from counsel's error in failing to object.  <u>See</u>
<u>Strickland v. Washington</u>, 466 U.S. 668, 697 (1984).

AFFIRMED.