**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-50548**
**Summary Calendar**
**Civil Docket # SA-00-CR-74-1-EP**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**DANIEL AMAYA,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Western District of Texas
_____

March 6, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

Appellant Amaya, an illegal alien, was caught in the middle of his attempt to hijack a truck at gunpoint. During the middle of this episode, the truck's owner was shot in the chest. Amaya was charged by federal authorities as being an illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5)(A). After pleading guilty without an agreement with the

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

government, Amaya was sentenced to 97 months imprisonment, plus three years supervised release and a fine.  Still represented by the federal public defender, he now appeals, contending that the Rule 11 colloquy was insufficient and that as a result his plea should be vacated and the case remanded for another plea proceeding.  Finding no reversible error, we affirm.

The district court, no doubt inadvertently, omitted to inform Amaya at the plea hearing that his sentence would be determined according to the U.S. Sentencing Guidelines, but that the court could depart from them in some circumstances.  He also failed to admonish Amaya of the <u>effect</u> of supervised release, *i.e.*, that if Amaya violated its terms, he could be incarcerated for 24 months in addition to the maximum imprisonment sentence.  The latter error resulted in a one-month discrepancy between the 10-year maximum statutory term to which Amaya knew he was exposed, and the cumulative term (10 years, one month) he might receive if he served 97 months, then commenced supervised release and violated it, resulting in two years more incarceration.

Under the circumstances of this case, we find that while the court's omissions technically violated Rule 11, they do not result in reversible error.[1]  First, Amaya's sentence was

---

[1]    In a recent en banc case, this court implied that appellate review is for plain error only when a defendant has failed to raise a Rule 11 challenge in the trial court.  United States v. Marek, ____ F.3d ____ (5th Cir. Jan. 4, 2001), slip op. at 1455, 2001 WL at 10561, at *3.  Other cases have disagreed on whether to apply the plain error or harmless error standards. *Compare* U.S. v. Johnson, 1 F.3d 296, 298 (5th Cir. 1993) (en banc) (harmless error), with United States v. Ulloa, 94 F.3d 949, 955 (5th Cir. 1996).  Even if we apply the less

considerably shorter than the maximum statutory term. It is hard to infer that a simple admonishment about the existence of the Sentencing Guidelines would have influenced him one way or another about the guilty plea. Second, appellant does not claim on appeal in regard to either of the court's errors that he would have pled differently or insisted on going to trial if he had known the Sentencing Guidelines provide the range or if he had known about the potential effect of a revocation of supervised release. We cannot draw an inference of reversible error when even the defendant only speculates about harm and has not flatly asserted that these omissions affected his decision to plead guilty. *See* United States v. Williams, 120 F.3d 575, 578 (5th Cir. 1997) (harmless error where the defendant did not claim he would have pleaded differently absent the error.) Third, the district court did not fail to mention the term of supervised release, but only its effect, which gives rise at most to the question whether Amaya's substantial rights were violated. United States v. Tuanqmaneeratmun, 925 F.2d 797, 803-04 (5th Cir. 1991). Because of the virtual congruity between the maximum statutory sentence and the longest time that Amaya might actually serve, the court's omission did not affect appellant's substantial rights.

Fourth, Amaya pled guilty without a plea agreement constraining the ability to appeal his sentence, but he has not

demanding standard, this court's errors were harmless.

appealed the sentence.  Nevertheless, at the sentencing colloquy, Amaya's counsel admitted that the 97-month sentence would be "appropriate," although he argued for a downward departure or a different sentencing calculation that would have yielded a sentence half as long.  On its face, the concession of appropriateness is inconsistent with a claim of harmful error in regard to the validity of the plea.  Finally, examining both the PSR and sentencing hearing, we find no indication that the court's omissions had any effect on the guilty plea.

No reversible error has been shown.  **AFFIRMED**.