United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 23, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-20132
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ALBERTO TORUNO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CR-64-4
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Carlos Alberto Toruno pleaded guilty to conspiracy to violate federal firearms law (Count One) and to making a false statement in connection with the acquisition of a firearm (Count Eight). See 18 U.S.C. §§ 371, 922(a)(6). Following a U.S.S.G. § 5K1.1 motion by the Government, the court sentenced Toruno to 33 months of imprisonment.

Toruno now seeks reversal of his convictions on both counts. Toruno argues that his plea to Count Eight was not knowing and voluntary because the district court at rearraignment and the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

written plea agreement stated that the maximum statutory term of imprisonment was five years instead of ten years. See 18 U.S.C. § 924(a)(2). Because Toruno did not object below, we review for plain error. United States v. Vonn, 535 U.S. 55, 58-59 (2002). Toruno must show that an error occurred, the error was plain, and the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-35 (1993).

The parties do not dispute that the district court incorrectly admonished Toruno regarding the maximum term of imprisonment and that the error was clear and obvious. See Olano, 507 U.S. at 734. Toruno has not shown, however, that the error affected his substantial rights. In evaluating whether a FED. R. CRIM. P. 11 error affected a defendant's substantial rights, we review the entire record to determine whether there exists a "reasonable probability that, but for the error, [the defendant] would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004). The district court sentenced Toruno to a term of imprisonment far less than the erroneously-stated maximum. Toruno does not allege that he would not have pleaded guilty had the district court and the plea agreement stated the correct maximum term. Toruno's allegation that he did not fully understand the consequences of his plea is insufficient to show that the error affected his substantial rights. See United States v. Pierce, 5 F.3d 791, 792-94 (5th Cir. 1993).

Toruno also argues that his statements at sentencing constituted denials of guilt and that the district court erred in accepting his pleas.  Because Toruno did not object below, our review is for plain error only.  United States v. Brown, 328 F.3d 787, 789 (5th Cir. 2003).

The record shows that Toruno unequivocally admitted the facts stated by the Government in support of the charges.  Toruno repeatedly affirmed his understanding of the charges against him, the terms of the plea agreement, and his desire to plead guilty. Toruno has not shown that the acceptance of his guilty pleas was plain error.  See Olano, 507 U.S. at 734.

AFFIRMED.