**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2011

No. 10-10666
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL GENE WILLIAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:09-CR-36-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

Michael Gene Williams appeals his guilty plea convictions for being a felon in possession of a firearm (count one), possession of cocaine base with intent to distribute (count two), and possession of a firearm in furtherance of a drug-trafficking offense (count three). He argues that his guilty plea was not knowing and voluntary because the magistrate judge did not advise him of the correct statutory maximum sentence for counts one and two. Because Williams did not raise this issue in the district court, review is limited to plain error. *See Puckett*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*v. United States*, 129 S. Ct. 1423, 1429 (2009). The Government has filed a motion to dismiss or summarily affirm, and to remand for correction of the judgment, or alternatively for an extension of time to file a brief.

At rearraignment at the magistrate judge's request, the prosecutor advised Williams that the statutory maximum sentence for count one was life imprisonment; the actual statutory maximum sentence was 20 years. Because Williams's actual 120-month sentence for count one was less than the life imprisonment term of which he was advised at rearraignment, he has not shown that the district court's error affected his decision to plead guilty to count one. *See United States v. Williams*, 120 F.3d 575, 578 (5th Cir. 1997); *United States v. Pierce*, 5 F.3d 791, 793 (5th Cr. 1993). Although the magistrate judge also incorrectly advised Williams that the statutory maximum sentence for count two was 20 years, Williams was aware of the correct statutory maximum sentence because the plea agreement, which he read and signed prior to rearraignment, correctly stated that the statutory maximum sentence for count two was 40 years. Moreover, as in *United States v. Vasquez-Bernal*, 197 F.3d 169, 170-71 (5th Cir. 1999), the Presentence Report, which Williams reviewed and discussed with counsel, correctly stated that the statutory maximum sentence for count two was 40 years; Williams received a reduction for acceptance of responsibility; and he did not allege or offer any evidence to show that he would not have pleaded guilty had he been advised of the correct statutory maximum sentence. Because there is no evidence that the magistrate judge's error affected Williams's decision to plead guilty to these counts, Williams has not shown that the error affected his substantial rights. *See Vasquez-Bernal*, 197 F.3d at 171; *see also Williams*, 120 F.3d at 578; *Pierce*, 5 F.3d at 793; *Puckett*, 129 S. Ct. at 1429.

Williams argues that the judgment of conviction incorrectly states that he was convicted of violating 18 U.S.C. § 924(e) and argues that the case should be remanded for correction of the judgment to reflect that he was convicted under

No. 10-10666

§ 924(a)(2).  Because the reference to § 924(e) was a clerical error and the Government concurs that the judgment should be corrected, the case is remanded for correction of the error.  *See* FED. R. CRIM. P. 36; *see also* 28 U.S.C. § 2106; *United States v. Powell*, 354 F.3d 362, 371-72 (5th Cir. 2003).

Williams's argument that he should be resentenced under the Fair Sentencing Act is barred by his waiver of his right to appeal, which Williams concedes was knowing and voluntary and, therefore, enforceable.  Because the Government seeks to enforce the waiver and none of the waiver's exceptions are applicable, Williams's claim is barred by the appeal waiver.  *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005).

AFFIRMED AS MODIFIED; MOTION GRANTED; REMANDED FOR CORRECTION OF JUDGMENT.