# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20053
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 2, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OLASUNKANMI SHITTU,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-110-2

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Olasunkanmi Shittu pleaded guilty to several crimes including bank fraud, mail fraud, and aggravated identity theft. He was sentenced to a total 84 months in prison, including consecutive sentences for aggravated identity theft. On appeal, he says that his plea was invalid because the district court failed to advise him that the sentences for aggravated identity theft could run consecutively to each other.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20053

Shittu's claim is reviewed for plain error because he did not raise it in the district court. *See United States v. Davila*, 133 S. Ct. 2139, 2147 (2013); *United States v. Vonn*, 535 U.S. 55, 62-63 (2002). Shittu must show that a forfeited error was "clear or obvious, rather than subject to reasonable dispute," and that the error affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error if it seriously affects the integrity, fairness, or public reputation of the court proceedings. *Id.*

Shittu points to no authority directly supporting his contention that the court was required to advise him that those sentences could run consecutively to each other. Rather, 18 U.S.C. § 3584(a) provides that sentences may be imposed to run concurrently or consecutively, and "the effect of 18 U.S.C. § 3584 is not a consequence of which a defendant must be advised before a guilty plea may be accepted." *United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000). The district court, at least, did not commit an error that was "clear or obvious" beyond "reasonable dispute." *Puckett*, 556 U.S. at 135.

Moreover, Shittu pleaded guilty after being advised that he faced up to 30 years in prison, and he was sentenced below that. "[T]he instance of a defendant being sentenced to less than what he was informed was his maximum penalty is 'a prototypical case of harmless error.'" *United States v. Williams*, 120 F.3d 575, 578 (5th Cir. 1997) (quoting *United States v. Pierce*, 5 F.3d 791, 793 (5th Cir. 1993)). Shittu's bare assertion does not establish that, but for an error, he would not have pleaded guilty. *See Dominguez Benitez*, 542 U.S. at 83.

The judgment is AFFIRMED.