# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-50156
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 28, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER CHAD GAMMON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:15-CR-186-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Christopher Chad Gammon appeals his conviction and sentence for failing to register as a sex offender. Gammon has been released from prison but challenges the three-year term of supervised release that he is still serving.

Gammon first contends that the district court committed plain error by initially advising him that he faced a supervised release term of five years to life, when he actually faced a term of only one to three years. Any error did

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not affect Gammon's substantial rights because there is no reasonable probability that the correct and more favorable information would have dissuaded him from pleading guilty. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *United States v. Williams*, 120 F.3d 575, 578 (5th Cir. 1997).

Concerning the three-year term of supervised release, Gammon fails to show that the district court committed a procedural error by determining that Gammon was a Tier II sex offender. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Moreover, the sentence was within the properly calculated guideline range and is presumed to be reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Gammon's argument that we should adopt his assessment of the 18 U.S.C. § 3553(a) sentencing factors is contrary to the deferential appellate review dictated by *Gall* and does not rebut the presumption of reasonableness. *See Gall*, 552 U.S. at 51; *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

The judgment is AFFIRMED.