United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 4, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20395
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER JOEL VALENZUELA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:

Walter Joel Valenzuela pleaded guilty to illegal reentry after deportation. The presentence report recommended a 16-level increase in Valenzuela's base offense level under U.S.S.G. § 2L1.2(b)(1)(A)(ii) due to his prior Florida convictions for DUI/ manslaughter and DUI/bodily injury. Valenzuela objected, arguing that his prior convictions were not crimes of violence under the guidelines. The district court, based on the panel decision in United States v. Vargas-Duran, 319 F.3d 194 (5th Cir. 2003) (Vargas-Duran I), overruled his objection and sentenced him to 87 months of imprisonment and three years of supervised release. He

timely appealed. Informed by the subsequent en banc decision in United States v. Vargas-Duran, 356 F.3d 598 (5th Cir. 2004) (Vargas-Duran II), and by an even more recent decision of this court, United States v. Dominguez-Ochoa, ___ F.3d ___, No. 03-41260, 2004 WL 2101986 (5th Cir. Sept. 22, 2004), we vacate the sentence and remand for resentencing.

Valenzuela contends that his offenses were not "crimes of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because, as defined by Florida law, they neither (a) require the intentional use of force, nor (b) qualify as an enumerated offense under the Guidelines' definition of a "crime of violence" found in U.S.S.G. § 2L1.2, cmt. n. 1(B)(ii)(II) (2002). This court's en banc decision in Vargas-Duran II settles the first contention in Valenzuela's favor in this circuit. Applying the "categorical approach" of Vargas-Duran II and its successor en banc case, United States v. Calderon-Peña, 383 F.3d 254 (5th Cir. 2004), we must conclude that the Florida DUI/bodily injury and DUI/manslaughter statutes under which Valenzuela was convicted do not require the intentional use of force. See FLA. STAT. § 316.193(3)(C)(2) and (3). Subsection (c)(2) provides that if a defendant drives under the influence of alcohol and causes "serious bodily injury" to another, he is guilty of a third-degree felony. Subsection (c)(3) criminalizes as DUI/manslaughter, a second-degree felony, a drunken defendant's causing the death of another person. No mens rea of intent is required under these provisions. The Eleventh Circuit

2

has, it is true, held that the subsection (c)(2) offense is a crime of violence under 18 U.S.C. § 16(a), see <u>Le v. United States Attorney General</u>, 196 F.3d 1352 (11th Cir. 1999), but we are bound by <u>Vargas-Duran II</u> and <u>Calderon-Peña</u>. Moreover, the Eleventh Circuit's interpretation will be reviewed by the Supreme Court in <u>Leocal v. Ashcroft</u>, No. 03-583, argued Oct. 12, 2004. See <u>Leocal v. Ashcroft</u>, 124 S. Ct. 1405 (2004) (granting certiorari to the unreported Eleventh Circuit decision).

Valenzuela's convictions also fail to qualify as enumerated, generic manslaughter offenses for purposes of § 2L1.2. This court's recent decision in <u>Dominguez-Ochoa</u> so held in regard to a substantially similar Texas statute criminalizing negligent manslaughter. See 2004 WL 2101986, at *8.

Only if the Supreme Court affirms the Eleventh Circuit in <u>Leocal</u> in such a way as to undermine this court's authorities would Valenzuela's sentence be upheld. The prudent course is for this court to act upon our currently established precedents and allow the government, or the district court on remand, to take the next step.

**VACATED and REMANDED** for resentencing.