United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 1, 2005**

Charles R. Fulbruge III
Clerk

REVISED MARCH 15, 2005

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-11131

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

                    versus

MAURICE P. MONTGOMERY,

                    Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before HIGGINBOTHAM, SMITH, and BENAVIDES, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Maurice Montgomery appeals his enhanced sentence, which the district court imposed based on a finding of three prior violent felony convictions. Persuaded that his prior conviction under a Texas retaliation statute does not qualify as a violent felony we vacate the sentence and remand.

I

Appellant pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1).[1] At sentencing, he objected

---

[1] The second count in the indictment, possession of the firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k), was apparently dropped as part of the plea agreement.

to being classified as an armed career criminal, which requires three prior "violent felonies" for sentence enhancement purposes as per 18 U.S.C. § 924(e). He maintained that one of his prior three convictions, a Texas conviction for retaliation, did not qualify as a violent felony.[2] The district court overruled this objection and, based on the presentence report, sentenced Appellant to 15 years in prison, which is the minimum prescribed by § 924(e), as implemented by U.S.S.G. § 4B1.4.

Appellant's retaliation conviction stemmed from an incident on August 6, 1993, when an officer on routine patrol observed Appellant walking with two other men. As the officer drove past them, Appellant yelled, "Why the fuck are you sweating us?" The officer got out of his car, saying he wanted to talk to the three men, but they continued walking. When the officer moved in front of them, they tried to walk past him. One of the three said, "We are just walking down the street. You can't stop me mother fucker." The officer confronted Appellant, eventually led him away from the group toward his patrol car, and handcuffed him. The officer instructed the other two men to stand still and keep their hands in view, but they refused to obey. One approached the officer with his hands in his pockets and the other ran from the scene.

---

[2] According to the presentence report, Appellant's three prior convictions were for retaliation, burglary of a habitation, and injury to a child. Appellant does not contest that the latter two are violent felonies.

The man who had fled returned to the scene accompanied by his mother, and identified himself as Rodney Montgomery, Appellant's brother. Both Rodney and his mother were loud and causing a disturbance. Rodney became involved in an altercation with one officer and was restrained. The officers decided to release Appellant and told him that he was not going to be arrested. As Appellant began to walk off, he began to yell and said, "I'm not going to put up with this shit any more. I'm going to put a hole in you mother fuckers next time I get a chance." Appellant was then arrested for threatening the officers and later charged. The Texas indictment stated that

> [Appellant] did intentionally and knowingly threaten [to murder four individuals] in retaliation for and on account of [their] service [as Plano police officers], and said threat was made by [Appellant] verbally stating to [them]: "I'm not going to put up with this shit anymore. I'm going to put a hole in you mother fuckers next time I get a chance."

In the instant appeal, Appellant renews his objection to the district court's sentence for the § 922(g)(1) violation (felon-in-possession-of-a-firearm), arguing that his prior conviction for retaliation is not a "violent felony" so as to warrant an enhanced sentence under § 924(e). Appellant also asserts that his Sixth Amendment rights were violated by the application of the § 924(e) sentence enhancement.

II

3

A

We review a district court's interpretation of a sentence enhancement provision *de novo*.[3] The district court enhanced Montgomery's sentence under 18 U.S.C. § 924, the Armed Career Criminal Act ("ACCA"), as implemented by U.S.S.G. § 4B1.4.[4] The ACCA imposes a mandatory minimum fifteen-year sentence on a defendant who has been convicted under the felon-in-possession-of-a-firearm statute[5] and who has three prior violent felony convictions.[6] A "violent felony" is any crime punishable by imprisonment for a term exceeding one year that

> (I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.[7]

In *Taylor* v. *United States*,[8] the Supreme Court addressed whether a prior conviction qualified as one of the enumerated offenses--specifically burglary--in Subsection (ii). The Court

---

[3] *United States v. Hinojosa*, 349 F.3d 200, 204 (5th Cir. 2003); *United States v. Williams*, 120 F.3d 575, 578 (5th Cir. 1997).

[4] *See* U.S.S.G. § 4B1.4 cmt.; *Hinojosa*, 349 F.3d at 204.

[5] 18 U.S.C. § 922(g).

[6] 18 U.S.C. § 924(e)(1).

[7] 18 U.S.C. § 924(e)(2)(B).

[8] 495 U.S. 575 (1990)

4

held that "§ 924(e) mandates a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions."[9]  In other words, "the only plausible interpretation of § 924(e)(2)(B)(ii) is that, *like the rest of the enhancement statute*, it generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense."[10]  However, this so-called "categorical approach" is subject to exception: it "may permit the sentencing court to go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of [the prior violent felony in question]."[11]  In reaching its conclusion, the *Taylor* court noted that "Congress intended the sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions."[12]

Appellant contends that his prior retaliation conviction does not qualify under either Subsection (I) or Subsection (ii) of the violent felony definition.  We agree.

B

---

[9] *Id.* at 600.

[10] *Id.* at 602 (emphasis added).

[11] *Id.*

[12] *Id.* at 600.

We first examine whether Appellant's retaliation conviction qualifies under Subsection (I) (the "Force Clause") of the violent felony definition, which requires that the crime have "as an element the use, attempted use, or threatened use of physical force against the person of another."[13]

Guided by our recent decision in *United States v. Calderon-Pena*,[14] we apply the categorical approach of *Taylor* and look solely to the statutory elements to ascertain whether a retaliation conviction satisfies the Force Clause. We allow for an examination of the indictment only to "pare down" the statute--that is, to decide under which branch of a disjunctive statute a defendant's conviction falls.[15] In *Calderon-Pena*, we deployed this formal categorical approach in confronting a sentencing guideline that contains "element of" and "force" language identical to that in the Force Clause.[16] The same analysis controls here.

The Texas criminal retaliation statute provides, in relevant part, that "[a] person commits an offense if he intentionally or

---

[13] 18 U.S.C. § 924(e)(2)(B)(i).

[14] 383 F.3d 254 (5th Cir. 2004) (en banc).

[15] *Id.* at 258-59.

[16] *Calderon-Pena*, 383 F.3d at 256 (5th Cir. 2004) (applying U.S.S.G. § 2L1.2 and determining whether prior conviction "'has as an element the use, attempted use, or threatened use of physical force against the person of another'" (quoting U.S.S.G. § 2L1.2 cmt. n.1(B)(ii) (2001)); *see also* U.S.S.G. § 2L1.2(b)(1)(A)(ii). On a number of recent occasions we have held that a particular prior conviction does not constitute a "crime of violence" under § 2L1.2. *See, e.g.*, *United States v. Valenzuela*, 389 F.3d 1305 (5th Cir. 2004); *United States v. Rodriguez-Rodriguez*, 388 F.3d 466 (5th Cir. 2004); *United States v. Vargas-Duran*, 356 F.3d 598 (5th Cir. 2004) (en banc).

knowingly harms or threatens to harm another by an unlawful act . . . in retaliation for or on account of the service or status of another as a . . . public servant."[17] In turn, "harm" is defined as "anything reasonably regarded as loss, disadvantage, or injury, including harm to another person in whose welfare the person affected is interested."[18]

Referring to this same retaliation statute, we recently held in *United States v. Acuna-Cuadros*, applying *Calderon-Pena*'s categorical approach, that it "plainly does not have as an element the use, attempted use, or threatened use of physical force."[19] As we explained, "[n]o portion of the statute itself requires physical force. Although, as a matter of simple logic, the offense *can involve* the application of physical force, it *need not* involve physical force to maintain a conviction."[20] In light of *Acuna-Cuadros*, the Force Clause will not support the enhancement in this case. We turn next to Subsection (ii).

C

Under Subsection (ii), a "violent felony" is "any crime . . . that is [one of several enumerated offenses] or otherwise involves conduct that presents a serious potential risk of physical injury

---

[17] TEX. PENAL CODE ANN. § 36.06(a)(1)(A).

[18] TEX. PENAL CODE ANN. § 1.07(25).

[19] 385 F.3d 875, 878-79 (5th Cir. 2004) (applying U.S.S.G. § 2L1.2).

[20] *Id.*

7

to another."[21]  Because the enumerated offenses are not at issue here, we proceed to the residual clause (or "Otherwise Clause").

1

We take a formal categorical approach to the Otherwise Clause, as we now explain.  *Taylor* itself addressed the enumerated offenses in Subsection (ii) and there is no reason that it should not apply --viewed through the *Calderon-Pena* filter--with equal force to the Otherwise Clause, which is located at the end of the enumerated list.  In *Taylor*, the Court reasoned that, read in the context of Subsection (I), which "defines 'violent felony' as any crime punishable by imprisonment for more than a year that 'has as an element'--not any crime that, in a particular case, involves--the use or threat of force," Subsection (ii)'s reference to burglary "most likely refers to the elements of the statute of conviction, not to the facts of each defendant's conduct."[22]  Given that, as per *Taylor* (and *Calderon-Pena*), we can only look to the pared down statute under which the prior conviction occurred to determine if it "is burglary," we similarly can only look to the statute to determine if it "involves conduct that presents a serious potential risk of physical injury to another."[23]

Our case law interpreting the Otherwise Clause supports this

---

[21] 18 U.S.C. § 924(e)(2)(B)(ii).

[22] *Taylor*, 495 U.S. at 600-01.

[23] 18 U.S.C. § 924(e)(2)(B)(ii).

approach.  In *United States v. Martinez*, for example, we held that a prior conviction for attempted burglary did not qualify under the Otherwise Clause and, therefore, was not a violent felony.[24]  We reasoned as follows:

> [U]nder Texas law a defendant may be convicted of attempted burglary without having entered any building, and without being in the vicinity of any building.  Indeed, a defendant who had taken steps which "tended to effect the commission of a burglary" could be arrested far from the target of the burglary and still be convicted of the attempt. Thus, at least *as defined by Texas law*, the fact that the defendant did not complete the burglary offense does indeed reduce the potential risk of injury to others. Accordingly, we hold that a conviction under Texas law for attempted burglary does not qualify as a sentence-enhancing "violent felony" under the language of § 924(e)(2)(B)(ii).[25]

In other words, it was possible to commit the prior offense without employing conduct that entailed a serious potential risk of physical injury.

Later, in *United States v. Williams*, we held that a criminal statute prohibiting the inducement of a minor to commit sodomy satisfies the Otherwise Clause given that any violation of the statute entails a serious potential risk of physical harm.[26]  In

---

[24] *United States v. Martinez*, 954 F.2d 1050 (5th Cir. 1992).

[25] *Id.* at 1054 (footnote omitted) (emphasis added).

[26] 120 F.3d 575, 579 (5th Cir. 1997) ("Unlike attempted burglary [as in *Martinez*], which may be committed miles from the targeted premises and the persons in it, the former 1925 TEX. CRIM. STAT. 535(b) requires interaction with the victim . . . .  In light of the intended victim's youth, there is a significant likelihood that the perpetrator would succeed in enticing the victim into a situation that would produce violence.").

reaching this conclusion, we noted that "we generally do not look to the specific facts underlying the conviction" and, instead, we looked directly to the language of the statute:

> [A]s proscribed by former 1925 TEX. CRIM. STAT. 535(b), "for any person with lascivious intent to entice, allure, persuade, or invite" a child under age 14 for the purpose of committing sodomy, or the other listed acts, is a scenario that, as described in 18 U.S.C. § 924(e)(2)(B)(ii), "involves conduct that presents a serious potential risk of physical injury to another".[27]

Although ultimately we held that the Texas offense qualified under § 924(e), our analysis was rooted in whether conduct involved in the crime, *as set forth in the statute*, necessarily presents a risk of physical harm.

All of this does not, of course, mean that the statute must have as an element either physical injury or the risk of physical injury, but rather that violation of the statute necessarily entails a serious potential risk of physical injury. Indeed, there is no "element of" language in the residual clause and, as we pointed out in an analogous context, "[a]ccepting [the] argument that we must confine ourselves to the statutory elements of the crime would render the residual clause a nullity."[28]  Furthermore,

---

[27] *Id.*

[28] *United States v. Claiborne*, 132 F.3d 253, 255 (5th Cir. 1998).  In *Claiborne*, we applied the residual clause of the "crime of violence" definition in § 4B1.2, which contains language identical to the Otherwise Clause of § 924(e).  *Id.* at 254; *see also United States v. Serna*, 309 F.3d 859, 864 (5th Cir. 2002) ("The ACCA employs identical language to define 'violent felony' as the sentencing guidelines use to define 'crime of violence.' *Compare* 18 U.S.C. § 924(e)(1) *with* U.S.S.G. § 4B1.2(a)."); *cf. United States v. Charles*, 301 F.3d 309, 311-12 (5th Cir. 2002) (en banc) (prohibiting conflation of separate

10

physical injury need not have, in fact, resulted.[29]  This underscores the fact that it is not the conduct in the particular case, but the statute under which the defendant was convicted that is the touchstone for the potential risk inquiry.

2

Applying the formal categorical approach to determine whether a prior conviction qualifies as a violent felony under the Otherwise Clause we now turn to the Texas statute at issue.  As previously mentioned, the Texas criminal retaliation statute is triggered when someone "intentionally or knowingly harms or threatens to harm another by an unlawful act . . . in retaliation for or on account of the service or status of another as a . . . public servant."[30]  It is clear that there are numerous ways that this statute can be violated without posing a significant risk of physical harm.  For example, the statute could be violated by someone threatening a police officer with financial or reputational harm.  This is in contrast to the statute in *Williams* criminalizing inducement of a minor to commit sodomy, *any* violation of which involved acts that *necessarily* entailed a significant risk of

---

definitions of "crime of violence"--as contained in U.S.S.G. § 4B1.2(a) and 18 U.S.C. §16--given divergent underlying language).

[29] *See Williams*, 120 F.3d at 578 ("This risk to another is inherent in Williams' prior felony conviction, regardless of the fact that he never actually had to have contact with the child, or even be alone with the child, to violate the state criminal statute.").

[30] TEX. PENAL CODE ANN. § 36.06(a)(1)(A).

11

physical harm.[31]

Here, the mere act of a verbal threat--while sufficient for a retaliation conviction--does not necessarily carry with it a risk of physical harm. The Government essentially argues that the act of threatening poses such a risk in the same way that yelling "fire" in a crowded theatre would. This argument is unavailing because, as mentioned, the retaliatory action threatened against the police officer need not have included a physical-risk-producing act--merely an unlawful act (*e.g.*, embezzlement would do). Thus, there will not necessarily be a knee-jerk reaction to such threats.

### III

Appellant's prior conviction for retaliation does not qualify as a violent felony under § 924(e) and the sentence must be vacated. In light of this conclusion, we need not address the impact of the Supreme Court's recent *Booker* decision[32] on Appellant's alternative argument that the sentence enhancement violated his Sixth Amendment rights.

The sentence imposed by the district court is VACATED and the case is REMANDED for resentencing.

---

[31] *See Williams*, 120 F.3d at 579. In *Williams*, we placed some weight on the heightened risk that necessarily resulted given that, under the statute at issue, the victim was by definition a child. *Id.* at 578-79. This factor is obviously not present here.

[32] *United States v. Booker*, 125 S.Ct. 738 (2005).