# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 11, 2007

Charles R. Fulbruge III
Clerk

No. 06-41346
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROMAN GUTIERREZ-SALINAS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-541-ALL

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Roman Gutierrez-Salinas (Gutierrez) appeals his guilty plea conviction and resulting sentence for illegal reentry following deportation. Gutierrez argues that the district court erred in enhancing his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on a finding that his 2000 Oklahoma conviction for first degree manslaughter is a crime of violence. He contends that the Oklahoma statute does not have the intentional use of force as an element

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the offense and does not have a mens rea requirement of recklessness and therefore cannot be considered a crime of violence.

This court reviews the district court's interpretation of the Sentencing Guidelines de novo. United States v. Villegas, 404 F.3d 355, 359-61 (5th Cir. 2005). Gutierrez was convicted of first degree manslaughter under 21 OKL. ST. ANN. § 711(1), which defines manslaughter as a homicide committed "without design to effect death" while the offender is engaged in the commission of a misdemeanor. It is undisputed that Gutierrez was convicted of causing the death of a person as a result of driving a vehicle while intoxicated. The offense does not require the offender to avail himself of the intentional use of force. See United States v. Vargas-Duran, 356 F.3d 598, 605 (5th Cir. 2004) (en banc).

Nor does the offense qualify as the enumerated offense of manslaughter. In United States v. Dominguez-Ochoa, 386 F.3d 629, 644-46 (5th Cir. 2004), this court held that the generic, contemporary meaning of manslaughter encompassed a mens rea requirement of recklessness. In United States v. Valenzuela, 389 F.3d 1305, 1036 (5th Cir. 2004), this court determined the Florida statute criminalizing DUI/manslaughter did not have a mens rea requirement of recklessness. The statute at issue in the instant case is similar to that in Valenzuela in that it is a strict liability offense and does not require a mens rea of recklessness. See FLA. STAT. ANN. § 316.193(3)(C)(3). Because Gutierrez's 2000 Oklahoma conviction for first degree manslaughter is not a crime of violence, the district court erred by increasing his offense level under § 2L1.2(b)(1)(A)(ii). Accordingly, Gutierrez's sentence is vacated, and the case is remanded for resentencing.

Gutierrez also challenges the reasonableness of his sentence. He argues that his sentence is unreasonable as a matter of law because this court's application of a presumption of reasonableness to sentences imposed within a properly calculated guidelines range is in violation of the Sixth Amendment and the principles announced in United States v. Booker, 543 U.S. 220 (2005).

Because his sentence is vacated as a result of the district court's incorrect application of the Guidelines, it is not necessary consider his argument. See United States v. Tzep-Mejia, 461 F.3d 522, 526 (5th Cir. 2006). Regardless, the argument is foreclosed in light of Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007), wherein the Supreme Court affirmed the use of a presumption of reasonableness to review sentences imposed within the guidelines range.

Gutierrez also challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. Gutierrez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005). Gutierrez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED IN PART; VACATED AND REMANDED FOR RESENTENCING.