# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50532
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BYRON KEITH MOORE,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:14-CR-102-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Byron Keith Moore appeals his conviction of possession of a firearm by a convicted felon and his sentence of 210 months in prison. *See* 21 U.S.C § 924.

According to Moore, the evidence presented at trial was insufficient to support his conviction. Because Moore preserved this issue for appeal, we will uphold the jury's verdict only if a reasonable trier of fact could conclude beyond a reasonable doubt that the evidence established that Moore was previously

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convicted of a felony, that he knowingly possessed a firearm, and that the firearm traveled in or affected interstate commerce. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Anderson*, 559 F.3d 348, 353 (5th Cir. 2009); 18 U.S.C. §§ 922(g)(1), 924(a)(1)(B). Moore challenges only the evidence of his knowing possession of the firearm.

The jury reasonably inferred that the presence of Moore's wallet, his current prescription, and men's clothing in the drawer with the gun, combined with the DNA evidence on the gun, established that Moore knew of and had access to, if not control over, the firearm. *See Henderson v. United States*, 135 S. Ct. 1780, 1784 (2015); *United States v. Ybarra*, 70 F.3d 362, 365 (5th Cir. 1995). A reasonable trier of fact could have concluded from this evidence that Moore knowingly possessed the firearm. *See United States v. De Leon*, 170 F.3d 494, 496 (5th Cir. 1999); *United States v. Wright*, 24 F.3d 732, 735 (5th Cir. 1994).

Moore additionally challenges the application of the armed career criminal provisions of § 924(e) and U.S.S.G. § 4B1.4, but presents argument to this court that differ from those he made in the district court and we, therefore, review only for plain error. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327 (5th Cir. 2012). To show plain error, Moore must show a forfeited error that is clear or obvious and that affects his substantial rights. *See United States v. Henao-Melo*, 591 F.3d 798, 801 (5th Cir. 2009). If he makes such a showing, we may exercise our discretion to correct the error if, "it seriously affects the fairness, integrity, or public reputation of judicial proceedings and result[s] in a miscarriage of justice." *Id.* at 802 (internal quotation marks and citations omitted).

Section 924(e)(1) imposes a 15-year mandatory minimum term in prison for a person possessing a firearm in violation of § 922(g) who has three prior convictions for violent felonies or serious drug offenses. § 924(e)(1). A violent

felony is one of a number of enumerated offenses or a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use of force" clause). § 924(e)(2)(B). Although the statutory definition of a violent felony also includes conduct presenting a "serious potential risk of physical injury to another," the Supreme Court has held this residual clause to be unconstitutional. *Johnson v. United States,* 135 S. Ct. 2551, 2556 (2015). A serious drug offense is an offense prohibited by the Controlled Substances Act (21 U.S.C. § 801 et seq.), and other specific statutes, and for which the law imposes a maximum term of ten years or more in prison. § 924(e)(2)(A). Section 4B1.4 defines a violent felony and a serious drug offense as those terms are defined in § 924(e). *See* § 4B1.4, cmt. (n.1).

To the extent that the district court may have relied on the presentence report (PSR) alone to determine that Moore had at least three prior violent felonies or serious drug offenses for the purposes of § 924(e) and § 4B1.4, such reliance would be error. *See United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005). However, because Moore specifically indicated that he had no dispute with the facts in the PSR, and because the supplemented record on appeal confirms the PSR's descriptions of the relevant offenses, Moore fails to show that the district clearly or obviously erred. *See Henao-Melo*, 591 F.3d at 801; *United States v. Martinez-Vega,* 471 F.3d 559, 563 (5th Cir. 2006); *United States v. White*, 465 F.3d 250, 254 (5th Cir. 2006).

Moore similarly fails to show reversible plain error in the district court's characterization of his prior convictions as violent felonies or serious drug offenses for purposes of § 924(e) and § 4B1.4. *See Henao-Melo,* 591 F.3d at 801. As to his 1992 narcotics conviction, the supplemented record shows that Moore pleaded guilty to one count of violating 21 U.S.C. § 841(a)(1). Section 841(b)(1)(C) provides a statutory maximum term in prison of 20 years for an amount of .64 grams of cocaine base, a schedule II substance. *See* 21 U.S.C.

3

§ 812(c). Because the offense was one prohibited by the Controlled Substances Act (21 U.S.C. § 801 et seq.) and the maximum prison term for the offense was more than 10 years, the district court did not err, much less clearly or obviously, in treating it as a serious drug offense under the Armed Career Criminal Act or § 4B1.4. *See* § 924(e)(2)(A); § 4B1.4, cmt. (n.1); *Henao-Melo*, 591 F.3d at 801.

Turning to Moore's aggravated assault convictions, assault is not an enumerated offense under § 924(e)(2)(B)(ii) or § 4B1.4 by reference. Therefore, in light of *Johnson*, these two convictions qualify as violent felonies under § 924(e)(2)(B) only if Texas aggravated assault with a deadly weapon meets the "use of force" clause of § 924(e)(2)(B)(ii). Texas Penal Code § 22.02(a) defines aggravated assault as an assault as described in Texas Penal Code § 22.01 and the perpetrator, "(1) causes serious bodily injury to another, including the person's spouse; or (2) uses or exhibits a deadly weapon during the commission of the assault." TEX. PENAL CODE § 22.02(a). Section 22.01 states that that a person commits an assault by, "(1) intentionally, knowingly, or recklessly caus[ing] bodily injury to another, including the person's spouse; (2) intentionally or knowingly threaten[ing] another with imminent bodily injury, including the person's spouse; or (3) intentionally or knowingly caus[ing] physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." TEX. PENAL CODE § 22.01.

The records in this matter indicate that Moore violated each of the two subsections of the Texas aggravated assault statute, first by threatening imminent bodily injury by using or exhibiting a deadly weapon in a 2009 conviction and then by causing a serious bodily injury by shooting an individual in a 2011 conviction. *See* TEX. PENAL CODE § 22.02(a)(1) and (2). Both of these convictions qualify as violent felonies under the use of force

clause only if, as relevant here and as would be the case under a categorical analysis of § 22.02(a), the elements of Texas aggravated assault, and not the particular facts underlying Moore's convictions, satisfy the force clause. *United States v. Montgomery*, 402 F.3d 482, 486 (5th Cir. 2005).

Moore argues that an individual may make an idle threat which would not involve the use force and that the infliction of bodily injury may occur without the use of force, such as through poison or inviting an unwitting victim into traffic. Further, he contends that because bodily injuries may occur without the use of force, threatening such injuries similarly would not involve force. Moore's analysis requires us to separate the assault offense from the conduct which makes the assault aggravated. We have rejected such an analysis asking whether each part of the offense, standing alone, involves force. *See United States v. Ceron*, 775 F.3d 222, 229 (5th Cir. 2014); *see also United States v. Guzman*, 797 F.3d 346, 348 (5th Cir. 2015).

In considering aggravated assault as a single offense, subsection (a)(2) of the state statute involves the least culpable conduct. TEX. PENAL CODE § 22.02. Subsection (a)(2) requires only the use or display of the deadly weapon during the assault, whether by injury, threat, or contact, as opposed to actually causing serious bodily injury in one of those ways. *See* TEX. PENAL CODE § 22.02(a). We have been increasingly skeptical of arguments, like Moore's, that rely on theoretical possibilities rather than actual applications of state statutes. *See Ceron*, 775 F.3d at 229.

Texas case law, read in conjunction with the Supreme Court's instruction on physical force, supports the conclusion that § 22.02 constitutes a violent felony. The Supreme Court has explained that, "in the context of a statutory definition of '*violent* felony,' the phrase "physical force" means *violent* force -- that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (italics in original). The

Texas Court of Criminal Appeals has noted of the Texas aggravated assault statute that both subsections necessarily "involve[] the use of a deadly weapon . . . which is anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *Landrian v. State*, 268 S.W.3d 532, 538 (Tex. Crim. App. 2008) (internal quotation marks and citation omitted). Likewise, we have noted that, "a deadly weapon, in that it is capable of producing death, is an instrument of physical force." *United States v. Velasco*, 465 F.3d 633, 641 (5th Cir. 2006) (U.S.S.G. § 2L1.2(b)(1)(A) case).

In light of this case law and the absence of state case law supporting Moore's hypothetical applications of the state's aggravated assault statute, Moore fails to show that the district court clearly or obviously erred when it concluded that his 2009 and 2011 aggravated assault convictions qualify as violent felonies under § 924(e) and § 4B1.4. *See Henao-Melo*, 591 F.3d at 801; *Guzman*, 797 F.3d at 348.

The judgment of the district court is AFFIRMED.