# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60360

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ANDERSON ALEXANDER,

Defendant – Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:16-CV-507
USDC No. 3:06-CR-34-1

Before ELROD, WILLETT, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

In July 2006, Anderson Alexander pleaded guilty to possessing a firearm as a felon. Based on three prior convictions—two for drug offenses and one for aggravated assault—he received a sentencing enhancement under the Armed Career Criminal Act ("ACCA"). Alexander says an intervening Supreme Court decision means his sentence violated the Constitution. But we lack jurisdiction to reach the merits of his appeal. So we dismiss.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60360

I.

On March 18, 2005, a police officer in Jackson, Mississippi, was driving his patrol car down a local street. Alexander was driving toward the officer and came close to causing a head-on collision. Then Alexander swerved—avoiding a wreck and landing on the curb. The officer approached the car on the curb. He spotted a 32-ounce can of Miller Lite between Alexander's legs. A subsequent search of the car uncovered a .22-caliber firearm as well as suspected marijuana and crack cocaine under the driver's seat. Jackson police ran a criminal history check on Alexander. That search uncovered Alexander's prior felony convictions.

Alexander pleaded guilty to possessing a firearm as a felon. *See* 18 U.S.C. § 922(g). ACCA provides sentencing enhancements for "a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense" committed on separate occasions. *Id.* § 924(e)(1). Alexander's criminal record at the time of sentencing included three felony convictions, all in Mississippi: (1) a 1977 conviction for delivering marijuana, (2) a 1980 conviction for aggravated assault, and (3) a 2000 conviction for possession of cocaine with intent to distribute. The judge determined that Alexander's first and third convictions qualified as serious drug offenses and that the second conviction qualified as a violent felony. Because those convictions triggered an ACCA-enhanced sentence, the judge sentenced Alexander to a fifteen-year mandatory minimum sentence and a three-year term of supervised release.

As part of his guilty plea, Alexander agreed to waive the right to contest his conviction and sentence through a motion under 28 U.S.C. § 2255. Nevertheless, in the years following his conviction, Alexander filed three

No. 17-60360

unsuccessful § 2255 motions. The district court denied and dismissed the first two motions. This appeal arises from Alexander's third.[1]

In this § 2255 motion, Alexander argues that he should get the benefit of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* held that ACCA's residual clause is unconstitutionally vague.[2] *See id.* at 2562–63. Alexander says his conviction for aggravated assault could constitute a "violent felony" under ACCA only by virtue of the (now-unconstitutional) residual clause. That means, Alexander says, his sentence is unconstitutional.

The district court held otherwise. It found that Alexander's conviction for aggravated assault qualified as a violent felony under ACCA's force clause, and so *Johnson* was irrelevant to Alexander's sentence. The court then denied his motion and dismissed his case with prejudice. Alexander timely appealed, and this court granted a certificate of appealability to consider whether the district court erred in addressing the *Johnson* question.

---

[1] The Government did not attempt to enforce Alexander's waiver before filing a Rule 28(j) letter almost *seven months after* the parties completed briefing on the merits. As we have said before, if the Government does not care enough about the waiver to enforce it, we generally will ignore it too. *See, e.g.*, *United States v. Wiese*, 896 F.3d 720, 722 n.1 (5th Cir. 2018); *United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006); *cf. United States v. St. John*, 625 F. App'x 661, 670 (5th Cir. 2015) (per curiam) ("[T]his court will not consider an issue raised for the first time in a Rule 28(j) letter.").

[2] ACCA defines a violent felony as:

[A]ny crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). As relevant here, the first clause of this provision is known as the "force clause" or the "elements clause" because it describes offenses that have the use of force as an element. And the third clause of this provision ("or otherwise involves") is known as the "residual clause" because it served as a catchall for offenses that would not otherwise qualify as violent felonies. *See, e.g.*, *Welch v. United States*, 136 S. Ct. 1257, 1263 (2016).

No. 17-60360

## II.

We review *de novo* questions of law in the denial of a § 2255 motion. *United States v. Clay*, 921 F.3d 550, 554 (5th Cir. 2019). But "[i]f the district court did not have jurisdiction to reach the merits, naturally, we cannot reach the merits on appeal." *Wiese*, 896 F.3d at 723.

## A.

We begin and end with jurisdiction. As ever, "[a]n appellate federal court must satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review." *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019).

In 28 U.S.C. §§ 2244(b) and 2255(h), Congress set strict jurisdictional requirements for second or successive § 2255 motions. *See Clay*, 921 F.3d at 554. First, a prisoner must persuade this Court to grant him permission to file a successive motion. *Id.* Alexander did that.

Second, a "prisoner must actually prove at the district court level that the relief he seeks relies either on a new, retroactive rule of constitutional law or on new evidence." *Wiese*, 896 F.3d at 723. To do so under the rule in *Johnson*, a prisoner "must show that it was more likely than not that he was sentenced under the residual clause." *Clay*, 921 F.3d at 559. When "determining potential reliance on the residual clause by the sentencing court," a court can look to the sentencing record and the background legal environment at the time of the sentencing court's decision, as well as the presentence investigation report (PSR) and other relevant materials that were before that court. *Wiese*, 896 F.3d at 725. "Where a prisoner fails to make the requisite showing before the district court, the district court lacks jurisdiction . . . ." *Clay*, 921 F.3d at 554. In such

cases, "our jurisdiction extends not to the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." *Id.* (internal quotation marks omitted).

## B.

Alexander has failed to "show that it was more likely than not that he was sentenced under the residual clause." *Id.* at 559. That is so because Mississippi's aggravated-assault statute is divisible, and the district court could have determined Alexander's violation of the relevant portion of the state law was a violent felony under the force clause.

First, the relevant statute of conviction is divisible. A statute is divisible if it "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016); *see also United States v. Lerma*, 877 F.3d 628, 633–34 (5th Cir. 2017). Mississippi's relevant statute said someone committed aggravated assault if he:

> (a) attempt[ed] to cause serious bodily injury to another, or cause[d] such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or
>
> (b) attempt[ed] to cause or purposely or knowingly cause[d] bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm.

1974 Miss. Laws 557 (codified as amended at MISS. CODE ANN. § 97-3-7(2)). The plain text thus contains disjunctive statutory alternatives describing different crimes. Likewise, Mississippi courts long have recognized the different crimes contained in the statute. *See, e.g.*, *Ward v. State*, 479 So. 2d 713, 715 (Miss. 1985). Therefore, the statute is "divisible."

Second, where a statute of conviction is divisible, "courts may look beyond the statute to certain conclusive records made or used in adjudicating guilt in order to determine which particular statutory alternative applies to

the defendant's conviction." *United States v. Bonilla-Mungia*, 422 F.3d 316, 320 (5th Cir. 2005) (internal quotation marks omitted). These conclusive records include the "charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms." *Johnson v. United States*, 559 U.S. 133, 144 (2010). For example, we considered the indictment in *United States v. Montgomery*, 402 F.3d 482, 486 (5th Cir. 2005). The question presented in that case was whether a conviction for retaliation qualified for an ACCA enhancement under the force clause. To answer that question, the court examined "the indictment only to 'pare down' the statute—that is, to decide under which branch of a disjunctive statute a defendant's conviction falls." *Id.*

Here, materials that were before the district court indicate Alexander was convicted for using a deadly weapon to cause serious bodily injury. The PSR said, "according to the Indictment, on October 1, 1979, the defendant caused bodily injury to Robert E. Vance by use of a pistol." The sentencing judge confirmed with Alexander that he had read and reviewed his PSR, and that Alexander affirmed the facts within it as "true and correct." In so doing, Alexander affirmed the PSR's recounting of his aggravated assault indictment. That is sufficient to "pare down" the relevant statute to its second subsection— the one that involves the use of a "deadly weapon." *See* MISS. CODE ANN. § 97-3-7(2)(b). And that, in turn, is sufficient to justify Alexander's ACCA enhancement under the force clause. *See United States v. Torres-Diaz*, 438 F.3d 529, 538 (5th Cir. 2006); *United States v. Martinez*, 962 F.2d 1161, 1168 (5th Cir. 1992).

Third, the rest of the sentencing record is no help to Alexander. At the sentencing hearing, the judge did not say anything to suggest he relied on ACCA's residual clause. Nor did the judge explain whether he was applying

the categorical approach or the modified categorical approach. That is insufficient to carry Alexander's burden to prove it is more likely than not that the sentencing judge relied on the residual clause—and hence that Alexander's § 2255 motion relies on *Johnson*.

We have said before that jurisdiction requires more than a "theoretical possibility" that a district court relied on the residual clause. *Wiese*, 896 F.3d at 726; *see also, e.g.*, *United States v. Hernandez*, 779 F. App'x 195, 199 (5th Cir. 2019) (per curiam). In this case, however, Alexander has produced only theoretical possibilities.

DISMISSED.